E-FILED
Wednesday, 02 March, 2022  02:09:35 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEREK HUNDLEY, ROBERT KAMP, and TRAVIS OCHS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 21-cv-3026 |
| | ) | |
| DEE DEE BROOKHART, KELLY RICHARDSON, ROB JEFFREYS, CAMILE LINDSAY, JOHN EILERS, MARC HODGE, ILLINOIS CIVIL SERVICE COMMISSION, ILLINOIS DEPARTMENT OF CORRECTIONS, TIMOTHY SICKMEYER, G.A. FINCH, and TERESA A. SMITH, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the partial Motion to Dismiss (d/e 17) filed by Defendants Rob Jeffreys and the Illinois Department of Corrections (the "IDOC"). Also before the Court is the partial Motion to Dismiss (d/e 22) filed by Defendants Timothy Sickmeyer, G.A. Finch, Teresa A. Smith, and the Illinois Civil Service Commission (the "Commission"). Because the Defendants

named in Count IV of Plaintiffs' Complaint (d/e 1) are all entitled to sovereign immunity under the Eleventh Amendment to the U.S. Constitution, both partial Motions to Dismiss are GRANTED. Count IV of Plaintiffs' Complaint (d/e 1) is DISMISSED in its entirety for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiffs Derek Hundley, Robert Kamp, and Travis Ochs jointly filed a four-count Complaint in this matter on January 19, 2021. The Complaint generally alleges that each of the Plaintiffs is a former IDOC employee and that Plaintiffs were all terminated as employees by IDOC on February 14, 2020. According to the Complaint, IDOC's stated reason for firing Plaintiffs was that Plaintiffs violated IDOC's use of force rules during an incident involving an IDOC inmate named Deandre Bradley that took place on May 22, 2019. Plaintiffs state that they complied fully with all IDOC rules and regulations, including IDOC's use of force rules. Plaintiffs appealed their terminations to the Commission, and the Commission entered final administrative decisions adverse to Plaintiffs on December 17, 2020.

Count IV of Plaintiffs' Complaint requests judicial review, pursuant to 735 ILCS 5/3-104, of the final administrative orders entered by the Commission on December 17, 2020.  735 ILCS 5/3-104 provides that "[j]urisdiction to review final administrative decisions is vested in the Circuit Courts" of Illinois.  Count IV names the Commission, the IDOC, Sickmeyer, Finch, Smith, and Jeffreys as Defendants.  Jeffreys is the Director of the IDOC, and Sickmeyer, Finch, and Smith are all members of the Commission.

On June 1, 2021, the IDOC and Jeffreys (together, the "IDOC Defendants") moved to dismiss Count IV under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The IDOC Defendants argue that this Court lacks subject-matter jurisdiction over Count IV because Count IV is barred by the Eleventh Amendment to the United States Constitution.  Also on June 1, the Commission, Sickmeyer, Finch, and Smith (collectively, the "Commission Defendants") moved to dismiss Count IV on substantially similar grounds.  On July 19, 2021, Plaintiffs filed a short Response (d/e 27) to the IDOC Defendants' and Commission

Defendants' motions.  Plaintiffs argue that the Court has

supplemental jurisdiction over Count IV.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the

complaint.  Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458

(7th Cir. 2007).  To state a claim for relief, a plaintiff need only

provide a short and plain statement of the claim showing he is

entitled to relief and giving the defendant fair notice of the claims.

Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the

Court construes the complaint in the light most favorable to the

plaintiff, accepting all well-pleaded allegations as true and

construing all reasonable inferences in plaintiff's favor.  Id.

However, the complaint must set forth facts that plausibly

demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 547 (2007).  A plausible claim is one that alleges factual

content from which the Court can reasonably infer that the

defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause

of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.

A Rule 12(b)(1) motion asks a court to dismiss an action over which the court lacks subject-matter jurisdiction.  "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir.2003), overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc., 683 F.3d 845 (2012).

### III. ANALYSIS

The Eleventh Amendment limits a federal court's jurisdiction over suits against a state by a foreign state, citizens of another state, and the state's own citizens. MCI Telecommunications Corp. v. Illinois Bell Tel. Co., 222 F.3d 323, 336 (7th Cir. 2000).  This means that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Bd. Of Regents of Univ. of Wis. Sys. V. Phx. Int'l Software, Inc., 653 F.3d 448, 457 (7th Cir. 2011).  The Eleventh Amendment "also bars federal jurisdiction over suits against state

officials acting in their official capacities when the state is the real party in interest." MCI Telecommunications, 222 F.3d at 337.

There are exceptions to Eleventh Amendment immunity. An individual may sue a state or state official where: (1) Congress exercises its power under the Fourteenth Amendment and abrogates the state's immunity; (2) the state waives its immunity; or (3) a state official is sued for prospective injunctive relief from ongoing violations of federal law. Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir. 2002). Plaintiffs' four-paragraph Response does not include any arguments regarding congressional abrogation or state waiver of Eleventh Amendment immunity, so there is no need to address those exceptions here. See id. (finding "no basis" to conclude that Eleventh Amendment immunity had been abrogated or waived where plaintiff did not argue either exception).

Plaintiff does assert that Count IV falls under the Ex parte Young exception. See d/e 27, p. 2. However, Ex parte Young applies only when a state official is sued for prospective injunctive relief from ongoing violations of federal law. MCI Telecommunications, 222 F.3d at 345. Ex parte Young "has no

application in suits against the states and their agencies, which are

barred regardless of the relief sought." Puerto Rico Aqueduct &

Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).  The

Commission and the IDOC are state agencies.  Accordingly, the

Commission and IDOC are immune from the claims asserted in

Count IV of Plaintiffs' Complaint.

Unlike state agencies, state officials may be sued under Ex

parte Young.  However, the Ex parte Young exception applies only

when the complaint "alleges an ongoing violation of federal law."

Verizon Maryland Inc. v. Public Service Commission of Maryland,

535 U.S. 635, 645 (2002).  Plaintiffs have not alleged any facts that

could allow the Court to understand the Commission's 2020

administrative decisions as ongoing violations of federal law.  Count

IV does not allege any violations of federal law, but rather requests

judicial review of such questions as whether the Commission made

"factual findings against the weight of the evidence," whether the

Commission "properly decided legal issues," and whether there were

"procedural violations of the Commission's rules."  D/e 1, ¶ 56.

While it is conceivable that some action taken by the Commission may have violated the U.S. Constitution or federal law, Count IV does not allege any such violation. Moreover, Plaintiffs' Complaint does not suggest that any errors in the Commission's decisions constitute ongoing violations of any law, federal or otherwise. Indeed, the Complaint states that the Commission's decisions were "final administrative orders" that "upheld [Plaintiffs'] terminations from [IDOC]." Id., ¶ 54. To the extent that such decisions represent violations of law, they are generally past violations and not ongoing violations. See Wilson v. Emond, 10-CV-659, 2011 WL 494777, at *9 (D. Conn. Feb. 5, 2011) (holding that claim was barred by Eleventh Amendment because complaint challenging validity of Bar Examining Committee's decision and requesting reversal of same sought only retroactive relief); cf. Sonnleitner, 304 F.3d at 718 (finding that request for reinstatement "could be characterized" as request for prospective relief, but that underlying alleged violation was not "ongoing").

Even assuming that the Commission improperly denied Plaintiffs' appeal and that this denial somehow violated federal law,

Page **8** of **10**

Plaintiffs still must plausibly allege that the violation is an ongoing rather than a past violation.  Plaintiffs have not done so.  Accordingly, Ex parte Young is inapplicable and the individual Defendants named in Count IV are entitled to Eleventh Amendment immunity.

Plaintiffs argue that, under City of Chicago v. International College of Surgeons, 522 U.S. 156 (1997), "federal district courts ha[ve] supplemental jurisdiction to entertain claims seeking administrative review."  D/e 27, p. 2.  However, City of Chicago involved judicial review of the administrative decision of a municipal entity.  Here, the Defendants named in Count IV are state agencies and state officials.  Unlike the defendants in City of Chicago, therefore, the Defendants named in Count IV are entitled to Eleventh Amendment immunity unless an exception applies.  See City of Chicago, 522 U.S. at 177 n.3 ("The Court's holding can embrace the decisions of state, as opposed to local, agencies, only if the State consents to the district court's jurisdiction.") (Ginsburg, J., dissenting).  As discussed above, Plaintiffs have been unable to overcome the Eleventh Amendment's grant of immunity.  Therefore,

the Court may not exercise supplemental jurisdiction over Count IV

and Count IV must be dismissed in its entirety.

### IV. CONCLUSION

For the reasons stated above, the IDOC Defendants' Motion to

Dismiss (d/e 17) and the Commission Defendants' Motion to

Dismiss (d/e 22) are both GRANTED. Count IV of Plaintiff's

Complaint is DISMISSED in its entirety for lack of jurisdiction.


**ENTERED: March 2, 2022**

**FOR THE COURT:**

/s/ Sue E. Myerscough

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**